In the Matter of the Application of RICHARD R. ROLLINS, Petitioner, for an Order against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Sullivan County, August 9, 1941.

*Julius L. Goldstein*, for the petitioner.

*Charles A. Brind, Jr. [Joseph Lipsky* of counsel], for the respondent.

BERGAN, J. The motion picture film " Sieg im Westen " (from the German, " Victory in the West ") is currently exhibited in New York city. It contains portrayals of the recent German conquests in France and elsewhere and some preliminary historical data. The State Department of Education, acting through its Motion Picture Division, has examined the film. It was reviewed on May 1, 1941, by Irwin Esmond, the division director, and by the five reviewers of the division. The conclusion of these officials was that the film falls within that classification in which a license is not required by law. It is the contention of the petitioner that the film is one which must be licensed and that its exhibition without license is a violation of the statute. Hence a very narrow legal issue is presented in the proceeding. It is not whether the film should be prohibited, but whether it should be treated as a film which requires a license, or as a film which requires no license.

The petitioner seems to argue further at random that if it is determined that the film is one that requires a license such license should then be refused by the Education Department because the film contains propaganda contrary to the public policy of the United States and tends to incite public disorder. Relief in this scope is not clearly stated in the petition which seeks an order directing the Commissioner generally to enforce the statute " toward the end that " the further exhibition of the film be restrained. But if it is determined here that the film requires a license, a direction by the court as to its issuance or refusal would presently be without authority since that determination is vested by law with the Education Department in the first instance, and is reviewable

by the Regents (Education Law, § 1084) and not immediately by the court.

The statute (Education Law, § 1083) in so far as it is pertinent, defines those films which may be exhibited without a license as films exclusively portraying " current events " or portraying pictorial news of the day. The department has determined that this reel falls within the first classification. From the petition, as amended, the answer, the affidavits and exhibits that have been presented, there is no dispute as to what the film contains and hence there is no issue of fact to be tried. From these it is found by the court that the film contains a number of portrayals of the present war from German and other sources; that the material is arranged and presented from a German viewpoint; that it contains introductory material relating to conditions 200 years ago and during and after the first World War. The portrayal of events in the German war with France and England clearly falls within the statutory definition of current events. It is argued by the petitioner, and it is the crucial point of his argument, that the historical background of these events vitally changes the character of the film. I think no such restricted definition was intended by the Legislature, and it is not adopted by the court. Similar films have been similarly treated by the State authorities. Even if the court were of a contrary view on this phase of the proceeding, it could only require the Commissioner to act as though a license were required if his interpretation of the statute was so plainly wrong as to be placed beyond reasonable debate. No such showing is made.

It is contended by the petitioner that the exhibition tends to incite public disorder. If this is the fact there are public officers charged with the duty of preserving the public peace. This is not the place for that question. The only jurisdiction residing in the court in this proceeding is to determine whether a license is required and whether the State Department of Education has violated the statute in deciding to the contrary. I reach the conclusion that it has not violated the statute under the facts presented.

The petition is dismissed upon the merits. Submit final order. The papers and exhibits used in the proceeding may be obtained by the attorney for the respondent at this office for the purpose of filing.